IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL A. PONDEXTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 11-857 |
| | ) |
| THE ALLEGHENY COUNTY (proper), | ) |
| THE ALLGHENY COUNTY HOUSING | ) |
| AUTHORITY, DAN ONORATO, | ) |
| JAMES T. ZAPF, FRANK AGGAZIO, | ) |
| THOMAS MCPOYLE, JOHN JOYCE, et al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Presently before this Court is a Motion by Defendant Allegheny County Housing Authority (Hereinafter "ACHA") and representatives of same, James T. Zapf, Frank Aggazio, Thomas McPoyle and John Joyce (Collectively "Defendants")[1] to enjoin Pro Se Plaintiff Earl A. Pondexter from filing lawsuits against them without requesting certification from a United States Magistrate Judge that the claims raised are meritorious. Plaintiff argues that such an injunction is not warranted. Although the Motion was initially made orally by ACHA, Defendants subsequently filed a Supplemental Motion and the issues have been exhaustively briefed and argued to this Court. (Docket Nos. 14, 24, 25, 26 and 29). Upon consideration of the parties' positions and for the following reasons, Defendants' Motion [26] is denied and an injunction will not issue.

---

[1] Allegheny County and Dan Onorato are also defendants in this case, but they have not joined in this Motion.

1

I. **Factual Background:**

Plaintiff has filed three lawsuits against ACHA, including the current action, in the United States District Court for the Western District of Pennsylvania. The following is a summary of each.

**a. 2001 Lawsuit:**

In November 2001, Plaintiff filed his first suit against ACHA in this District (Civil A. 01-cv-2161), alleging race and disability discrimination because Plaintiff was allegedly denied a two-bedroom voucher, as a participant in the Section 8 Program in 1999. In September 2007, the Court granted ACHA's Motion for Summary Judgment, as Plaintiff's claims were barred by the applicable statute of limitation. (Civil A. 01-cv-2161, Docket No. 137). Plaintiff appealed and the judgment was affirmed by the Third Circuit on June 22, 2009. (*Id.* at Docket No. 151).

**b. 2004 Lawsuit:**

In April 2004, Plaintiff filed a second suit against ACHA in this District (Civil A. 04-cv-536). Here, Plaintiff alleged race and disability discrimination, in connection with his eviction from his residence in 2001. All defendants moved to dismiss the Complaint. HUD's and Green Meadows' Motions to Dismiss were granted, but Plaintiff was permitted to proceed with his case against ACHA. Thereafter, in October 2007, this Court granted ACHA's Motion for Summary Judgment, as Plaintiff failed to submit evidence that ACHA's actions were discriminatory or illegal. (Civil A. 04-cv-536, Docket No. 102). Plaintiff appealed and the judgments on the Motions to Dismiss and the Summary Judgment Motion were affirmed by the Third Circuit on June 22, 2009. (*Id.* at Docket No. 107).

**c. Current 2011 Lawsuit:**

Plaintiff filed a Complaint alleging Racial Discrimination and Racial Retaliation against Defendants, on June 30, 2011.[2] (Docket No. 4). Plaintiff argues that Defendants are "wantonly and maliciously denying the Plaintiff a full, 'Fair and Equal Opportunity' to use and enjoy a dwelling on the basis of racism and retaliation." *Id.* at ¶ 1. Plaintiff contends that on May 10, 2010, he submitted a completed and signed Allegheny County Low Income Housing Application to ACHA. *Id* at ¶ 23. Subsequent to said submission, Plaintiff asserts that he did not receive any notification regarding his eligibility or ineligibility for low income housing assistance, administered through ACHA. *Id* at ¶ 24. On May 28, 2010, Plaintiff filed a 903 HUD FHEO discrimination complaint against ACHA with the local Fair Housing Partnership Program. *Id* at ¶ 24. Plaintiff was informed that HUD FHEO would not review or investigate the HUD FHEO 903 complaint and closed the case. *Id* at ¶ 25. Thereafter, on December 13, 2010, Plaintiff filed a Pennsylvania Human Relations Act Complaint against ACHA. *Id* at ¶¶ 25-26. On May 27, 2011, the Pennsylvania Human Relations Commission determined that insufficient evidence existed to support Plaintiff's PHRA Complaint, finding that Plaintiff never filed an application for low income housing assistance. *Id* at ¶ 27. Said complaint was dismissed on June 10, 2011. *Id*. Thereafter, Plaintiff filed the instant Complaint in this Court. *Id.*

**II.   Procedural Background:**

During the August 10, 2011 Status Conference[3], the Court heard the parties' positions regarding Plaintiff's Prayer for Exigent Injunctive Relief contained in Plaintiff's "Planning For Discovery & Conference of the Parties", filed at Docket No. 7. (Docket No. 14).[4]  Defendants

---

[2] Plaintiff cites numerous Federal and State statutes as grounds for his relief.
[3] The transcript of said Status Conference was filed on August 23, 2011. (Docket No. 25).
[4] At said Conference, Plaintiff provided the Court with the factual background of his claims, as well as the relief, which he is seeking. *Id.* Defendants submitted exhibits consisting of emails from Plaintiff to Ms. Lloyd. *Id.*

made an oral Motion to enjoin Plaintiff from filing further claims prior to receiving certification of those claims from a Magistrate Judge. The Court indicated that it would take said Motion under advisement.[5] *Id.*

Thereafter, on August 23, 2011, Plaintiff filed a Pro Se Response to Judge Nora Barry Fischer's Void Order of Court: Granting to Hold in Abeyance the Responsive Pleading and Granting the Motion Enjoining the Plaintiff from Filing Further Claims Prior to Receiving Certification from a Federal Magistrate Judge. (Docket No. 24). In said Response [24], Plaintiff indicated that the Court granted Defendants' oral Motion to enjoin Plaintiff from filing further claims prior to receiving certification of those claims from a Magistrate Judge. *Id.* However, based on the foregoing, it is evident that the Court did not rule on Defendants' oral Motion to enjoin Plaintiff from filing further claims prior to receiving certification of those claims from a Magistrate Judge, but instead held said oral Motion in abeyance. (Docket Nos. 14 and 15). Defendants then filed a Supplemental Motion to Enjoin Plaintiff from Proceeding with Claims Prior to Receiving Certification, on August 24, 2011, (Docket No. 26), to which Plaintiff responded (Docket No. 29).

**III.  Parties' Arguments:**

Defendants contend that the Court should enter an order requiring Plaintiff to obtain certification from a U.S. Magistrate Judge, prior to proceeding with this action, or filing, or proceeding with any other federal or administrative actions against ACHA and other ACHA

---

[5] In addition, Defendants made a second oral Motion to hold in abeyance the responsive pleading schedule, pending the resolution of the Motions. *Id.* Said Motion for abeyance was granted during the August 10, 2011 hearing. *Id.* On August 12, 2011, this Court entered an Order granting Defendants' August 10, 2011 oral Motion to hold in abeyance the responsive pleading schedule and further ordering that Defendants' oral Motion to enjoin Plaintiff from filing further claims prior to receiving certification of those claims from a Magistrate Judge was to be held in abeyance. (Docket No. 15).

4

representatives, in the future. (Docket No. 26 ¶ 22). Specifically, Defendants ask that the Court enter the following Order:

1. Plaintiff's Complaint in this action shall be assigned to a U.S. Magistrate Judge for review. If the Magistrate certifies the Complaint or portions of the Complaint as non-frivolous, Plaintiff shall be entitled to proceed with the Complaint or that portion of the Complaint determined to be non-frivolous. The certification decision shall no have evidentiary value and shall not be in any way dispositive of the merits of the claims. All proceedings in this action are stayed until the U.S. Magistrate has made a determination.
2. In the event Plaintiff files any further administrative or federal court claims against the ACHA, the ACHA's employees, officers, lawyers or any other representatives in the future, all such filings shall be referred to a U.S. Magistrate Judge for review of whether the case will be certified to proceed in accordance with the procedure outlined above. The named Defendant(s) shall not be required to respond to Plaintiff's claim until so directed by the reviewing U.S. Magistrate Judge.

(Docket No. 26-3). In support of their request, Defendants maintain that Plaintiff is a serial litigant, who has filed and repeatedly threatened frivolous litigation against them. (Docket No. 26 ¶ 17). Defendants assert that Plaintiff's litigation against them has been on-going since 1999. *Id.* at ¶ 2. They document several complaints lodged against them by Plaintiff. *Id.* at ¶¶ 3, 6-12. In addition, Defendants note three lawsuits filed against ACHA by Plaintiff. *Id. at* ¶ ¶ 4, 5 and 14. They indicate that Plaintiff intends to continue to initiate frivolous actions against them, given Plaintiff's statements to them, during the August 10, 2011 Status Conference.[6] *Id.* at ¶ 18.

Defendants also cite to Rule 1 of the Federal Rules of Civil Procedure, which states that the Federal Rules of Civil Procedure should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding. (Docket No. 26 ¶ 19). Defendants note that Rule 11 of the Federal Rules of Civil Procedure requires that all pleadings, motions, or other papers not be brought for an improper purpose. *Id.* at ¶ 20. In addition, they

---

[6] Defendants reference the following quotes from Plaintiff: (a) "I will litigate, will sue you, until I cannot stand or breathe, until I'm dead." *Id.* at ¶ 16 (quoting Docket No. 25 at p. 28-29); (b) "I'm going to do exactly what I've been doing, I'm going to pursue and sue." *Id.* (quoting Docket No. 25 at p. 29).

5

maintain that their desired order is supported by *Hill v. Carpenter*, 323 Fed.Appx. 167 (3d. Cir. 2009), in which the Third Circuit recommended that the District Court consider adopting an order requiring a particular *pro se* plaintiff to obtain certification from a Magistrate Judge, prior to bringing any future actions. *Id.* at ¶ 21. Finally, Defendants assert that Plaintiff has disrespected the judiciary by way of repeated motions for recusal and allegations of misconduct against Judges of the District Court. *Id.* at ¶ 17.

Plaintiff maintains that he is entitled to his day in court. (Docket No. 25, pg. 70, ln. 15). Citing to the Seventh Amendment, Plaintiff articulated that it is his right, as a United States citizen, "to come into any court in this country and plead my case and have my day in court." *Id.* at pg. 47-48, ln. 23-2. Plaintiff's Response to Defendant's Motion [26], further argues that an injunction is not warranted.[7] (Docket No. 29). Plaintiff then asserts that he is not attempting to re-litigate civil actions 01-2161 or 04-0536.[8] (Docket No. 29, pg. 1). Instead, Plaintiff contends that he has lawfully and constitutionally commenced his prior actions, as well as the instant action. (*Id.* at pg. 8).

**IV.   Legal Standard:**

This Court has previously addressed a motion to enjoin a *pro se* plaintiff from filing actions against a particular defendant. In *N'Jai v. Pittsburgh Board of Public Education, et al.*, 2011 WL 2413339 (W.D.Pa. Jun. 10, 2011), this Court noted that the pro se plaintiff sued the particular defendant eight times in this District. *Id.* However, this Court did not find the lawsuits to amount to groundless or vexatious litigation and found them to be distinct from each other. *Id.*

---

[7] Plaintiff asserts arguments, which pertain to issues which are not germane to the Motion currently pending before this Court. As a result, the Court only references the arguments of the Plaintiff, which are germane to the instant Motion.
[8] These cases are described in section I, supra.

As a result, this Court determined that an injunction was not warranted. *Id.* The Court reaches the same result here.

The United States Court of Appeals for the Third Circuit has held that if a district court determines that a litigant's past and current lawsuits constitute a continuous pattern of "groundless and vexatious litigation," the All Writs Act, 28 U.S.C. § 1651(a),[9] permits the court, under exigent circumstances, to grant an Order enjoining the litigant from filing further actions without the permission of the Court. *See In re Vora*, 2008 WL 4722516, at *2 (W.D.Pa. Oct. 21, 2008) (citing *In re Oliver*, 682 F.2d 443, 445-46 (3d Cir. 1982) (issuing an injunction because the plaintiff had filed over 50 frivolous civil rights cases)).

However, the power conferred by the All Writs Act, "is limited by two fundamental tenets of our legal system-the litigant's rights to due process and access to the courts." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). As a result, in issuing such an injunction, the Court must comply with three requirements. *Crooker v. Delta Management Associates, Inc.*, 2010 WL 1390868, at *4 (M.D. Pa. Apr. 1, 2010). First, the Court may not restrict the litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions. *Id.* (citing *Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989)). Second, if the Court finds that the circumstances warrant the imposition of an injunction, the Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue. *Id.* (citing *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987) (holding that "[a]fter a proper record has been established, the district court will be in a better position to determine the appropriate action that should be taken.")). Third, the scope of the injunction must be narrowly tailored to fit the particular circumstances of

---

[9] "The Supreme Court and all Courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

the case. *Id*. (citing *Chipps v. United States Dist. Ct. for the Middle Dist. of Pa*., 882 F.2d 72, 73 (3d Cir. 1989)).

Indeed, other Courts have enjoined overly litigious plaintiffs from filing actions involving "groundless and vexatious litigation". *See, e.g., In re Oliver*, 682 F.2d at 446 (issued an injunction because plaintiff filed over 50 civil rights, habeas corpus and other types of cases in 12 years); *In re Vora*, 2008 WL 4722516, at *1 (issued an injunction because the plaintiff filed over 50 lawsuits against various governmental agencies over a 20 year period; the plaintiff's filings would consistently exceed 50 pages; and the filings were often soiled or torn such that it was difficult for the Clerk's Office to enter the documents in the Court's electronic filing system); *Crooker*, 2010 WL 1390868, at *4 (issued an injunction against the plaintiff because he had filed more than 100 civil actions across the country); *Matter of Packer Ave. Assoc*., 884 F.2d at 747 (issued an injunction because the plaintiff filed 27 petitions re-litigating issues that had already been disposed of in bankruptcy court).

However, "there is simply no support in the law for permitting an injunction prohibiting a litigant from ever again filing a document in federal court." *Matter of Packer Ave. Assoc*., 884 F.2d at 747. "Such injunctions are extreme remedies and should be narrowly tailored and sparingly used." *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982), *see also, e.g. Sossamon v. Texas*, 131 S. Ct. 1651, 1665 (2011); *Crooker v. Delta Management Associates, Inc.*, 2010 WL 1390868, at *4 (M.D.Pa. Apr. 1, 2010)(citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). Courts of equity should pay particular regard for the public consequence in employing the extraordinary remedy of an injunction. *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 717 (1996).[10]

---

[10] Moreover, "[a] plaintiff's litigiousness alone would not support an injunction restricting his [or her] filing activities." *Id*. Indeed, given Plaintiff's *pro se* status, his pleadings are "to be liberally construed," *Estelle v.*

Hence, the district court may only enter an injunction directing that the litigant not file any claims without first being granted leave of court. *Abdul-Akbar v. Watson,* 901 F.2d 329, 333 (3d Cir. 1990). But, such an injunction requiring leave of court, is typically ordered in situations involving a litigant, who has repeatedly filed complaints alleging claims that have already been fully litigated. *Matter of Packer Ave. Assoc.*, 884 F.2d at 747, *see also, e.g. Hill v. Carpenter*, 323 Fed.Appx. 167 (3d Cir. 2009).

> When a district court concludes that a litigant has abused the judicial process by filing a multitude of frivolous […] cases in a relatively brief period of time and will continue to file such cases unless restrained, […] the court may enter an injunction directing that the litigant not file any […] [further] claims without leave of court.[11]

*Abdul-Akbar v. Watson,* 901 F.2d at 333. In seeking leave of court, the litigant must certify: "(1) that the claims the litigant wishes to present are new claims never before raised and disposed of on the merits by any federal courts; (2) that the litigant believes the facts alleged in the complaint to be true; and (3) that the litigant knows of no reason to believe his [or her] claims are foreclosed by controlling law." *Id.* In addition, the injunction should state that upon a failure to certify or upon a false certification, the litigant may be found in contempt of court and punished accordingly. *Id*.

V. **Discussion:**[12]

Initially, the Court notes that Plaintiff has been provided notice of ACHA's oral motion, as well as their Supplemental Motion and he has had an opportunity to show cause why the proposed injunctive relief should not issue.[13] *See Gagliardi*, 834 F.2d at 83.

---

*Gamble*, 429 U.S. 97, 106 (1976), and his Complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[11] "The issuance of a pre-filing injunction is an extreme remedy that must be narrowly tailored and sparingly used." *Brown v. City of Philadelphia, et al.*, 2009 WL 1011966, at *15 (E.D.Pa. Apr. 14, 2009) (citing *Abdul-Akbar v. Watson,* 901 F.2d at 333).
[12] The Court does not find Plaintiff's motions for recusal or Plaintiff's allegations of judicial misconduct to be relevant to the issue of whether Plaintiff should be ordered to obtain certification before he may file this or any future action against ACHA.

Plaintiff's three lawsuits against ACHA in this District do not constitute groundless or vexatious litigation. *Crooker v. Delta Management Associates, Inc.*, 2010 WL 1390868, at *4 (M.D. Pa. Apr. 1, 2010).  Courts have imposed injunctions in cases where a plaintiff has filed a multitude of lawsuits. *See, e.g. In re Oliver*, 682 F.2d at 443 (3d Cir. 1982); *In re Vora*, 2008 WL 4722516 (W.D.Pa. Oct. 21, 2008); *Crooker*, 2010 WL 1390868 (M.D.Pa. Apr. 1, 2010); *Matter of Packer Ave. Assoc.*, 884 F.2d 745 (3d Cir. 1989); *Hill v. Carpenter*, 323 Fed.Appx. 167 (3d Cir. 2009).  But, *N'Jai v. Pittsburgh Board of Public Education, et al.*, 2011 WL 2413339 (W.D.Pa. Jun. 10, 2011), involved eight lawsuits and this Court determined that an injunction was not warranted as eight lawsuits did not amount to groundless or vexatious litigation. *Id.* Similarly, as Plaintiff has only filed three lawsuits against ACHA in this district, the fact that he has had three lawsuits against ACHA in this District is not enough in this Court's mind, to constitute groundless or vexatious litigation, especially given his *pro se* status.[14]

In addition, typically Courts only require leave of court in situations involving a litigant, who has repeatedly filed complaints alleging claims that have already been fully litigated. *Matter of Packer Ave. Assoc.*, 884 F.2d at 747, *see also, e.g. Hill v. Carpenter*, 323 Fed.Appx. 167 (3d Cir. 2009).  The Court finds that Plaintiff's claims against ACHA have not been previously litigated.  Specifically, the two prior actions which Plaintiff filed against ACHA involved different allegations of discrimination, which occurred at different periods of time from that of the present lawsuit.  Although legally similar, the three lawsuits are factually distinct.  First, in November 2001, Plaintiff filed suit against it (Civil A. No. 01-cv-2161) alleging race and

---

[13] Plaintiff voiced arguments in opposition to same during the August 10, 2011 Status Conference and also filed a written response (Docket No. 29).

[14] Defendants do not submit evidence that Plaintiff has a long history of filing frivolous and malicious complaints, as was done in *N'Jai*, supra.  Although Defendants contend that Plaintiff's actions are frivolous, they do not substantiate that contention with facts.  Admittedly, Plaintiff's prior two lawsuits against ACHA were decided at the Summary Judgment stage (Civil A. 01-cv-2161, Docket No. 137 and Civil A. 04-cv-536, Docket No. 102), but that alone does not indicate that Plaintiff's claims in those lawsuits were frivolous.

disability discrimination because Plaintiff was allegedly denied a two-bedroom voucher, as a participant in the Section 8 Program in 1999. Second, in April 2004, Plaintiff filed suit against it (Civil A. No. 04-cv-536) alleging race and disability discrimination, in connection with his eviction from his residence in 2001.

Currently, Plaintiff is alleging racial discrimination and racial retaliation against them, as he did not receive any notification regarding his eligibility or ineligibility for low income housing assistance, administered through ACHA. (*see* Complaint, Docket No. 4 ¶¶ 1, 23, 24). These claims are distinct from those asserted in Plaintiff's two prior actions against ACHA in this court. Moreover, as his claims are new, Plaintiff's lack of success in prior lawsuits against ACHA for unrelated claims is not determinative. As previously mentioned, some courts have enjoined overly litigious plaintiffs from filing further actions or have entered an injunction directing the litigant not to file claims without being granted leave of court. *See, e.g. In re Oliver*, 682 F.2d at 443 (3d Cir. 1982); *In re Vora*, 2008 WL 4722516 (W.D.Pa. Oct. 21, 2008); *Crooker*, 2010 WL 1390868 (M.D.Pa. Apr. 1, 2010); *Matter of Packer Ave. Assoc.*, 884 F.2d 745 (3d Cir. 1989); *Hill v. Carpenter*, 323 Fed.Appx. 167 (3d Cir. 2009). Unlike those cases, Plaintiff's current claims have not been previously litigated.

Although Plaintiff's filings may be difficult to decipher, his current claims are based on new facts. He has never brought a claim, in this Court, against ACHA related to his May 2010 Allegheny County Low Income Housing Application. (Docket No. 4). Therefore, it is clear that, in this instance, Plaintiff is not re-litigating old claims and the Court does not find that exigent circumstances exist to warrant the extraordinary remedy of an injunction. *See Matter of Packer Ave. Assoc.*, 884 F.2d at 747 (finding that exigent circumstances exist when a litigant continually abuses the judicial process by filing meritless and repetitive actions).

In this Court's estimation, the requested injunction and review by a Magistrate Judge of this Court, would not preclude the present lawsuit. Furthermore, despite what some would consider Plaintiff's litigious nature, an Order enjoining him from filing future actions in this Court against ACHA without leave of court would be overbroad. Accordingly, this Court will not restrict his access to the judicial system simply because he has filed previous lawsuits and threatens to continue to file lawsuits against ACHA. As this Court does not find that the present lawsuit constitutes groundless or vexatious litigation, when considered against Plaintiff's prior lawsuits, and will not issue an injunction against him, the Court need not address the scope of the injunction which ACHA seeks.

**VI.    Conclusion:**

For the foregoing reasons, Defendant's oral Motion to enjoin Plaintiff from filing further claims prior to receiving certification of those claims from a Magistrate Judge (Docket No. 14) and Defendant's Supplemental Motion to Enjoin Plaintiff from Proceeding with Claims Prior to Receiving Certification (Docket No. 26) are DENIED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:  November 4, 2011

cc/ecf:        All Counsel of Record

        Earl A. Pondexter
        P.O. Box 2311
        Grant Street
        Pittsburgh, PA 15219
        (Regular & Certified Mail)