IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL A. PONDEXTER,<br>　　　　Plaintiff,<br><br>　　v.<br><br>THE ALLEGHENY COUNTY HOUSING<br>AUTHORITY, JAMES T. ZAPF, FRANK<br>AGGAZIO, THOMAS MCPOYLE, and<br>JOHN JOYCE,<br>　　　　Defendants. | Civil Action No. 11-857<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Presently pending before this Court is Plaintiff's Motion for Disqualification of Federal District Judge Nora Barry Fischer Pursuant to 28 U.S.C. § 455(a) (Docket No. 79), in which Plaintiff alleges that the undersigned District Judge has engaged in judicial misconduct, exhibited bias against him and accepted bribes from Defendant Allegheny County Housing Authority. The Motion has been fully briefed (Docket Nos. 83, 87, 89). Upon consideration of the parties' positions and for the following reasons, Plaintiff's Motion (Docket No. 79) is denied and the undersigned District Judge will not recuse because Plaintiff's allegations of judicial misconduct, bias and bribery are patently false and his Motion is wholly without merit.

　　I.　　Factual and Procedural Background

Plaintiff filed a Complaint alleging Racial Discrimination and Racial Retaliation against Defendants, on June 30, 2011. (Docket No. 4). Plaintiff argues that Defendants are "wantonly and maliciously denying the Plaintiff a full, 'Fair and Equal Opportunity' to use and enjoy a dwelling on the basis of racism and retaliation." (*Id.* at ¶ 1). Plaintiff contends that on May 10,

1

2010, he submitted a completed and signed Allegheny County Low Income Housing Application to ACHA. (*Id.* at ¶ 23). Subsequent to said submission, Plaintiff asserts that he did not receive any notification regarding his eligibility or ineligibility for low income housing assistance, administered through ACHA. (*Id.* at ¶ 24). On May 28, 2010, Plaintiff filed a 903 HUD FHEO discrimination complaint against ACHA with the local Fair Housing Partnership Program. (*Id.* at ¶ 24). Plaintiff was informed that HUD FHEO would not review or investigate the HUD FHEO 903 complaint and closed the case. (*Id.* at ¶ 25). Thereafter, on December 13, 2010, Plaintiff filed a Pennsylvania Human Relations Act Complaint against ACHA. (*Id.* at ¶¶ 25-26). On May 27, 2011, the Pennsylvania Human Relations Commission determined that insufficient evidence existed to support Plaintiff's PHRA Complaint, finding that Plaintiff never filed an application for low income housing assistance. (*Id.* at ¶ 27). Said complaint was dismissed on June 10, 2011. (*Id.*). Thereafter, Plaintiff filed the instant Complaint in this Court. (*Id.*).

During the August 10, 2011 Status Conference, Plaintiff submitted a motion to this Court, requesting the recusal of the undersigned District Judge. (Docket No. 14). However, Plaintiff did not file said motion with the Clerk of Court and the Court informed Plaintiff that it would take his motion under advisement, if he filed it with the Clerk of Court. (*Id.*). Plaintiff filed his first Motion for Recusal and Disqualification of Federal District Judge Nora Barry Fischer Pursuant to 28 U.S.C. 455(a) on August 23, 2011. (Docket No. 23). On September 30, 2011, Plaintiff withdrew said motion. (Docket No. 39). Accordingly, that same day, the Court ordered said motion withdrawn and deemed it moot. (Docket No. 40). Then, on April 13, 2012, Plaintiff filed another Motion for Disqualification of Federal District Judge Nora Barry Fischer Pursuant to 28 U.S.C. 455(a) (Docket No. 79), followed by Plaintiff's Memorandum of Law Relative to Plaintiff's Allegations of Criminal Contempt Toward "Racist" Judge Nora Barry Fischer for Her

Suppression of Evidence (Docket No. 83), which was filed on April 20, 2012. The Defendants filed their Response to Plaintiff's Motion on April 30, 2012. (Docket No. 87). Then, Plaintiff filed his Response to Racist Judge Nora Barry Fischer's Void Court Order Denying Plaintiff's Motion to Compel Disclosure & Production of Documents (Docket No.89), wherein he continues to object to this Court's further involvement in the above-captioned case.[1] As the Motion (Docket No. 79) has been fully briefed (Docket Nos. 83, 87, 89), it is ripe for disposition and the Court now turns to a discussion detailing its decision.

II.     Legal Standard

Section 455(a) provides that "any justice, judge, or magistrate of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The inquiry under section 455(a) is "whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias." *United States v. Pungiatore*, Crim A. No. 88-00003-09, Civ. A. No. 97-2972, 2003 WL 22657087, at *4 (E.D.Pa. Oct. 24, 2003) (quoting *SEC v. Antar*, 71 F.3d 97, 101 (3d. Cir. 1995)). "'Because a judge is presumed to be impartial, the party seeking disqualification bears the substantial burden of proving otherwise.'" *Kuperman v. State of New Hampshire,* Civ. A. No. 09-cv-66-JD, 2009 WL 1026413, at *1 (D.N.H. Apr. 15, 2009) (quoting *United States v. Dehghani,* 550 F.3d 716, 721 (8th Cir.2008)). The test is whether a reasonable person, knowing all of the circumstances of record, would harbor doubts about the judge's impartiality. *In re Prudential Ins. Co. of Am. Sales Practice Litig., Agent Actions*, 148 F.3d. 283, 343 (3d Cir. 1998).

It is "vital to the integrity of the system of justice that a judge not recuse [herself] on unsupported, irrational or highly tenuous speculation," *McCann v. Commc'n. Design Corp.,* 775

---

[1] Given the pendency of the instant Motion for Disqualification (Docket No. 79), the Court postponed the May 4, 2012 Telephonic Post Fact Discovery Status Conference. (Docket No. 91).

F.Supp. 1506, 1523 (D.Conn. 1991) (citing *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987)), and the judge has an "affirmative duty not to recuse [herself] if the movant fails to establish a reasonable doubt concerning [her] impartiality." *Grand Entertainment Group Ltd. v. Arazy,* 676 F.Supp.616, 619 (E.D.Pa. 1987). Moreover, "the District Judge must remain steadfast and undaunted in [her] commitment and obligation, under Article III of the Constitution of the United States, to provide fair and impartial adjudication to all litigants who come before the Court, including those seeking to obtain [her] ouster by repeated recusal motions replete with *ad hominem* attacks." *United States v. Wecht*, Crim. A. No. 06-0026, 2008 WL 2048350, at *1 (W.D.Pa. May 8, 2008). *See United States v. Bertoli,* 40 F.3d 1384 (3d Cir. 1994) (Party's own public hostility to judge counseled against recusal "lest we encourage tactics designed to force recusal"); *see also, United States v. Eisenberg,* 734 F.Supp. 1137, 1166 (D.N.J. 1990) ("The weight of authority is against compelling recusal merely by attacking a judge."). Furthermore, "when proceedings are brought under 28 U.S.C. § 455(a), a judge need not accept as true the motion's factual allegations, but may contradict them with facts drawn from [her] own personal knowledge." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 872 F.Supp. 1346, 1349 (E.D.Pa. 1994) (citing *United States v. Balistrieri,* 779 F.2d 1191, 1202 (7th Cir. 1985)).

III. Overview of Arguments

Plaintiff accuses this Court of judicial misconduct, exhibiting bias against him and accepting bribes from Defendant Allegheny County Housing Authority. In particular, Plaintiff asserts that the undersigned District Judge engaged in judicial misconduct by obstructing justice and abusing her discretion. (Docket No. 79 at 2-4). Plaintiff also contends that the undersigned District Judge is biased because she is "racist," "rogue," "hostile" and "intemperate". (Docket

4

No. 89 at 3). Further, Plaintiff alleges that the undersigned District Judge accepted bribes from Defendant Allegheny County Housing Authority in 2007 and also in connection with the above-captioned case. (Docket No. 79 at 6).

In response, Defendants argue that Plaintiff has violated 28 U.S.C. § 144 by filing two disqualification motions in the above-captioned case. (Docket No. 87 at 2). Moreover, Defendants assert that Plaintiff has a history and practice of filing unsubstantiated recusal motions and judicial misconduct complaints against the undersigned District Judge, as well as other judges within the United States District Court for the Western District of Pennsylvania. (*Id.* at 2-4). Defendant maintains that Plaintiff's instant Motion for Disqualification (Docket No. 79) continues his pattern of filing such motions, as it contains unsupported allegations of bias, judicial misconduct and bribery. (Docket No. 87 at 2-5). In addition, Defense counsel denies Plaintiff's bribery accusations. (*Id.* at 5).

IV. Discussion

Defendants' argument that Plaintiff has violated 28 U.S.C. § 144 by filing two disqualification motions in the above-captioned case (Docket No. 87 at 2) is misplaced for the following reasons. Plaintiff withdrew (Docket No. 39) his first motion (Docket No. 23) and the Court ordered said motion withdrawn and deemed it moot (Docket No. 40). Moreover, Plaintiff seeks recusal pursuant to 28 U.S.C. § 455(a) and not 28 U.S.C. § 144. (*See* Docket No. 79).

However, Defendants correctly note that Plaintiff has a history and practice of filing recusal motions and judicial misconduct complaints. (Docket No. 87 at 2-4). In 2005, Plaintiff filed a Motion to Disqualify District Judge Conti. (Civ. A. No. 01-2161 (W.D.Pa.), Docket No. 101). Judge Conti denied Plaintiff's motion, but she did recuse herself on other grounds. (*Id.* at Docket Nos. 104, 105). Upon Judge Conti's recusal, the case was reassigned to then District

5

Judge Hardiman. (Civ. A. No. 04-536 (W.D.Pa.), Docket No. 40). In 2006, Plaintiff filed a memorandum raising serious allegations against Judges Ambrose, Cercone, Hardiman, McVerry and Conti. (Civ. A. No. 01-2161 (W.D.Pa.), Docket No. 112). Again in 2007, Plaintiff sought to disqualify Judge Hardiman (*Id.* at Docket No. 67), however, that motion was dismissed as moot because Judge Hardiman was elevated to the Third Circuit Court of Appeals (*Id.* at Docket No. 70). Then in 2010, Plaintiff wrote to the President Obama, United States Attorney General Eric Holder, several United States Supreme Court Justices and several Senators raising serious allegation against Judges Cercone, Hardiman, and the undersigned District Judge. (Docket Nos. 14-2, 14-3). No action was taken against the undersigned District Judge. In addition, Plaintiff's "complaint" against the undersigned District Judge, which he lodged in the Third Circuit Court of Appeals, was dismissed.

The Court notes that Plaintiff's instant Motion for Disqualification (Docket No. 79) continues his pattern of filing such motions. Indeed, the allegations relating to bribery are patently false and wholly lacking in merit. Defense counsel, as an officer of the Court, has denied Plaintiff's bribery accusations. (Docket No. 87 at 5). As a judge may contradict the recusal motion's allegations with facts drawn from her personal knowledge, the undersigned District Judge denies the allegations of bribery and notes that she has never accepted any bribe in this or any case, nor has she been offered a bribe in this or any case. *See Massachusetts School of Law at Andover*, 872 F.Supp. at 1349. Further, his allegations in the instant Motion are unsubstantiated and are wholly lacking in merit. An objective review of the record[2] does not reasonably support any claim of judicial misconduct or bias. *See Pungiatore*, 2003 WL 22657087, at *4. Moreover, a reasonable person knowing all of the circumstances of record,

---

[2] Court reporters have been present at all hearings and all other proceedings.

6

could not harbor doubts about the undersigned District Judge's impartiality. *See In re Prudential*, 148 F.3d. at 343.

V.     Conclusion:

Based on the foregoing, Plaintiff has not proved that "the record, viewed objectively, reasonably supports the appearance of prejudice or bias," justifying recusal. *See Pungiatore*, 2003 WL 22657087, *4; *see also*, 28 U.S.C. § 455(a). Accordingly, the Court enters the following Order on this 9th day of May, 2012:

### **ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Disqualification of Federal District Judge Nora Barry Fischer Pursuant to 28 U.S.C. § 455(a) (Docket No. [79]) is DENIED, with prejudice.

IT IS FURTHER ORDERED that the Telephonic Post Fact Discovery Status Conference is rescheduled for Monday, May 14, 2012 at 2:00 P.M. The Court will address the parties' previously submitted agendas (Docket Nos. [88], [90]), at said conference. The conference will be by telephone and the Court's Clerk will initiate the call.

Failure to comply with the Court's Orders, policies and procedures can result in dismissal for failure to prosecute.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:     May 9, 2012

cc/ecf: All Counsel of Record

Earl A. Pondexter
P.O. Box 2311
Grant Street
Pittsburgh, PA 15230
(Regular & Certified Mail)