IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL A. PONDEXTER,<br>          Plaintiff,<br><br>    v.<br><br>THE ALLEGHENY COUNTY HOUSING<br>AUTHORITY, JAMES T. ZAPF, FRANK<br>AGGAZIO, THOMAS MCPOYLE, and<br>JOHN JOYCE,<br>          Defendants. | Civil Action No. 11-857<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

Pending before this Court is Plaintiff Earl A. Pondexter's "Motion for Reconsideration of Racist Judge Nora Barry Fischers Void Order Dismissing Plaintiff's Complaint 'With Prejudice' Pursuant to F.R.C.P. 59(e)."[1] (Docket No. 115). The Defendants, the Allegheny County Housing Authority, James T. Zapf, Frank Aggazio, Thomas McPoyle, and John Joyce, have responded with a brief opposing the motion. (Docket No. 119). In turn, Plaintiff has filed a "sur response" to Defendant's submission. (Docket No. 120). For the following reasons, Plaintiff's motion for reconsideration is denied.

**I.     BACKGROUND**

On June 30, 2011, Plaintiff filed a complaint alleging that Defendants unlawfully denied his housing application on the basis of his asserted mental disability and his race. (Docket No. 4). Specifically, he claims that he mailed Defendants a completed Allegheny County Low

---

[1] In support of this motion, Mr. Pondexter submitted additional filings entitled "Response to Racist Judge Nora Fischer's 'Warning' Plaintiff's 'Case Closed,'" (Docket No. 116), and "Memorandum of Supreme Court and Third Circuit Precedent Relative to the Common Law Mailbox Rule: and 'Hearsay Evidence Exception' Pursuant to the Theory Promulgated in F.R.O.E. 801 and 802." (Docket No. 117). The Court has considered each of these submissions, none of which undermine the Court's analysis.

1

Income Housing application through the United States Postal Service on May 10, 2010, but he never received a response. *Id.* at 7-8. Defendants, however, deny receiving any such submission from him. In support of this contention, they filed the affidavit of Mr. James Bulls, the ACHA Director of Housing Management-Operations Department, wherein Mr. Bulls affirmatively disclaimed ACHA knowledge of Plaintiff's housing application based on his review of agency documents and inquiries with site managers. (Docket No. 102-1, at 40). Mr. Bulls also testified that Plaintiff's name did not appear on the ACHA's waiting list, further supporting the conclusion that he had not recently applied for housing assistance. *Id..* In addition, the ACHA provided records of applications received from April 2010 through June 2010. *Id.* at 41-44. These materials indicate that the ACHA did not receive an application from Plaintiff in this time period.

Despite a request from Defendants during the course of discovery, *id.* at 38-39, Plaintiff was unable to produce any documents tending to prove the existence of the May 2010 housing application. At the Court's Telephonic Post Fact Discovery Status Conference, Defendants again requested that Plaintiff submit all documents supporting his claim; however, he replied that he did not have any additional documents and represented that he would rely on the mailbox rule. He also admitted that he could not prove that he submitted an application to the ACHA as a factual matter. (Docket No. 25, at 45). After the parties filed cross-motions for summary judgment, the Court granted summary judgment in favor of Defendants and against Plaintiff on August 21, 2012. (Docket No. 112). Plaintiff now challenges that summary judgment order with this motion for reconsideration.

## II. LEGAL STANDARD

A Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The standard that a party must meet to prevail on a motion for reconsideration is high. *Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004) (unpublished). "Motions for reconsideration under Rule 59(e) are granted sparingly '[b]ecause federal courts have a strong interest in finality of judgments.'" *Jacobs v. Bayha*, Civ. A. No. 07-237, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) (unpublished) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 938, 943 (E.D. Pa. 1995)). "Because of the interest in finality, at least at the district court level … the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa.1992)); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) … 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (quoting 11 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2810.1, pp. 127-128 (2d ed. 1995)).

## III. DISCUSSION

Plaintiff's motion for reconsideration must be denied because he has not identified any intervening changes in the controlling law, new evidence, or clear errors of law or fact made by the Court when disposing of this action at the summary judgment stage. One of the essential

elements of establishing a claim for either racial or disability discrimination is that a defendant must actually discriminate against the plaintiff on the basis of race or disability. To prove that such discrimination actually occurred, Plaintiff has continually averred that he sent a completed housing application to the ACHA by mail but never received a response. He relies on the common law presumption that the application arrived at its intended destination to establish an inference that the application was denied for impermissible reasons. *See, e.g.*, *Santana Gonzales v. Attorney General of the United States*, 506 F.3d 274, 278 (3d Cir. 2007) ("we have long recognized a presumption that ordinary regular mail properly sent is presumed to be received") (citing *Welch & Forbes Inc. v. Cendant Corp.*, 311 F.3d 298, 304 (3d Cir. 2002)); *Carnathan v. Ohio Nat'l Life Ins. Co.*, No. 1:06-CV-999, 2008 WL 2578919, at *3 (M.D. Pa. June 26, 2008) (unpublished) ("Under Pennsylvania law, proof of mailing raises a rebuttable presumption that the mailed item was received.").

    The presumption established by this "mailbox rule" is not conclusive, however, and it can be nullified through the production of evidence demonstrating that the mailing was not in fact received. *See Carathan*, 2008 WL 2578919, at *5 (plaintiff rebutted presumption of receipt by providing testimony about the business practice of his company with respect to mailing); *Elec. Servs. Int'l, Inc. v. Silvers*, 650 N.Y.S. 2d 243, 245 (N.Y. App. Div. 1996) (denial of receipt supported by affidavits from employees sufficient to overcome presumption). Because Defendants submitted competent supporting evidence showing that the ACHA never received a May 2010 housing application from Plaintiff, they rebutted the presumption of receipt. As the party with the responsibility of pleading and demonstrating facts sufficient to entitle him to legal relief, Plaintiff needed to produce evidence of <u>actual receipt and denial of the alleged housing application on the basis of race or disability</u> to establish his claims of racial and disability

discrimination. *See Volk v. Unemployment Compensation Bd. of Review*, 49 A.3d 38, 41 (Pa. Commw. Ct. 2012) ("The presumption is, thus, merely a procedural device which shifts the burden of persuasion or the burden of going forward with the evidence....") (internal quotation and citation omitted); FED. R. EVID. 301 ("[T]he party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally.").

This was a burden Plaintiff did not meet. Nowhere in his summary judgment papers, the instant motion, and related filings did he set forth any facts, let alone new facts, showing that the ACHA actually received and denied his May 2010 housing application. Instead, Plaintiff chose to stand by his unsupported assertion that he mailed the alleged application—a fact that, by itself, would not entitle him to prevail, even if proved to be true. Given that Defendants could not have unlawfully denied an application they did not receive, their rebuttal of the alleged receipt of same is dispositive absent evidence of discrimination.

Plaintiff's motion for reconsideration now takes aim at Mr. Bulls' affidavit in an attempt to undermine the evidentiary underpinning this Court's summary judgment order. Nevertheless, the Court finds no reason to disregard Mr. Bulls' testimony. An affidavit may be used to support a summary judgment motion if it was "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant ... is competent to testify on the matters stated." FED R. CIV. P. 56(c)(4); *see also Perrett v. Harmar Twp.*, No. 07-593, 2008 WL 3457014, at *7 (W.D. Pa. Aug. 8, 2008) (unpublished) ("when a non-moving party points to arguably hearsay evidence, [the court] must first determine whether the evidence has the potential to be admissible at trial. If it is admissible, [the court] may consider it in ruling upon the motion for summary judgment") (citing *J.F. Feeser Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990);

*Blackburn v. United Parcel Service, Inc.*, 179 F.3d 81, 95 (3d Cir. 1999)). Mr. Bulls' testimony was sworn before a notary and his signed affidavit recounts matters within his personal knowledge. *See Liotta v. Nat'l Forge Co.*, 629 F.2d 903, 907 (3d Cir. 1980) (similar affidavit containing assertions of fact within the affiant's personal knowledge was found admissible for summary judgment purposes). Moreover, the affidavit does not contain hearsay within the meaning of Rule 801 of the Federal Rules of Evidence because it offers no out-of-court "statement" used "to prove the truth of the matter asserted in the statement." *See, e.g.*, *United States v. Hawkins*, 409 F. App'x 507, 510 (3d Cir. 2010) (unpublished) (testimony that contained no statements by the declarant's parents was not hearsay); *Evans v. York Cnty. Adult Prob. and Parole Dep't*, No. 09-CV-1013, 2012 WL 4069766, at *6 (M.D. Pa. Sept. 17, 2012) (unpublished) (testimony that did not offer a a non-declarant's statement to prove the matter asserted was not hearsay). Given that Mr. Bulls personally reviewed ACHA records and conducted an inquiry with site managers, he can properly attest to the existence, or lack thereof, of Plaintiff's claimed housing application. *See Grim v. Moore*, 745 F. Supp. 1280, 1285 (S.D. Ohio 1988) (hearsay challenge partially rejected because affiant could testify as to the existence of complaints based on his inquiry of other persons).

Likewise, Plaintiff's attempt to discredit Mr. Bulls is also unpersuasive. While he now broadly accuses Mr. Bulls of giving false testimony in his affidavit, this conclusory allegation is not supported by facts that would give a reasonable person cause to believe it. *See McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005) (dispute is not "genuine" for summary judgment purposes if a reasonable trier of fact could not render a finding in favor of the non-moving party). Furthermore, Plaintiff has also failed to mount any challenge to the accuracy of the ACHA

records that support Defendants' contention they never received his application. For these reasons, Plaintiff has failed to show that he is entitled to proceed in this action.

Although Plaintiff cites to a number of federal court decisions to support his motion, those cases do not clearly demonstrate that this Court's order granting summary judgment was in error. First, he references the Supreme Court's opinion in *Rosenthal v. Walker*, which stated that "when [the presumption] is opposed by evidence that the letters never were received, [the evidence] must be weighed with all the other circumstances of the case, by the jury in determining the question whether the letters were actually received or not." 111 U.S. 185, 194 (1884). Because *Rosenthal* arose out of a challenge to the admission of evidence during a jury trial, *id.* at 193, the Court's ruling was written to clarify what evidence may be submitted for the jury's review. Therefore, *Rosenthal* is distinguishable from the case at hand. To the extent that the Tenth Circuit's interpretation of *Rosenthal*, as expounded in *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998), can be construed to mean that summary judgment cannot be granted when a party rebuts the mailbox rule's presumption, such position has not been adopted by the Third Circuit and this Court is not bound to follow it. Indeed, the Third Circuit cases on which Plaintiff relies in the portion of his brief entitled "THE PLAINTIFF RELIES ON THE SUPREM COURT AND 3RD CIRCUIT'S INTERPRETATION OF THE 'COMMON LAW MAILBOX RULE'" are not helpful to his cause. The Third Circuit's decision in *Philadelphia Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund*, merely ruled that the common law mailbox rule was not preempted by the Internal Revenue Code. 523 F.3d 140, 152 (3d Cir. 2008). This proposition, however, has never been contested or even presented as an issue. In addition, *Heard v. C.I.R.*, 269 F.2d 911 (3d Cir. 1959), another tax case dealing with filing deadlines and procedures, fails to even implicate the mailbox rule. Other rulings referenced in

Case 2:11-cv-00857-NBF   Document 121   Filed 10/02/12   Page 8 of 8

Plaintiff's supporting briefs, including the most recent sur reply, (Docket No. 120), are similarly distinguishable, inapposite, or non-controlling.

Finally, with respect to Plaintiff's accusations of racism, impartiality, and bribery, the undersigned District Judge again denies each and every allegation of impropriety. His assertion that the Court or a member of the Court's staff uttered a racist statement during the August 10, 2011 status conference is without any basis in fact. Indeed, the transcript of the proceeding demonstrates that Plaintiff was treated with the respect given to any other party proceeding before this Court. (Docket No. 25).

### IV.   CONCLUSION

For the aforementioned reasons, Plaintiff has failed to state any cognizable basis for granting his motion to reconsider. (Docket No. 115). Accordingly, the Court enters the following Order on this 2nd day of October, 2012:

### ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration, (Docket No. [115]) is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:      October 2, 2012

cc/ecf:     All Counsel of Record

cc:         Earl A. Pondexter
            P.O. Box 2311
            Grant Street
            Pittsburgh, PA 15230
            (Regular & Certified Mail)